**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| PETER F. SCANLON | * |
|     Plaintiff | * |
| v. | * |
| AMY FOOD CHAINS, Inc. et al. | * |
|     Defendants | * |

CIVIL ACTION NO. 15-CV-2289 JFM

*****************************************************************************

**MOTION FOR A MORE DEFINITE STATEMENT**

    COMES NOW the Defendants, Dean Monkelien, individually, and Amy Food Chains, Inc., by and through their attorneys, Brian D. Lyman and HILLMAN, BROWN & DARROW, P.A., and pursuant to FRCP 12(e), respectfully moves the Court to direct the Plaintiff to provide a more definite statement as the Complaint as filed is multifarious, redundant and not filed in a manner that allows the Defendants to reasonably frame a response.

    1.    Apparently this litigation concerns allegation of employment discrimination.

    2.    The "Complaint" filed in this case is filed in a rather unorthodox manner comprising seven total pages but which actually purports to be two separate Complaints, both allegedly signed on the same date, August 1, 2015, and both allegedly filed with the Court on August 5, 2015.

    3.    FRCP 12(f) requires that the Plaintiff avoid any redundant, immaterial, impertinent or scandalous matter.

    4.    As the document filed as Document 1 has a total of 7 pages, the paragraphs on those 7 pages have been filled in by the Plaintiff are numbered 1 through 10 on the first Complaint and 1 through 3 on the second Complaint and contain redundant and duplicative statements. Please compare paragraph 4 on page 2 of 7 and paragraph 1 on page 5 of 7, please also compare substantive allegations set forth in paragraph 2 on page 6 and the allegations made in paragraphs 4 and 6 on page 2.

    5.    Additionally, the ad damnum clause is completely unclear as to whether he is requesting back pay or monetary damages. The back pay box is crossed out in a manner unlike any

BDL:tps/14049.9/270676/121515

of the other boxes and the monetary damages box is not checked although an amount is written in on the line. Additionally, on page 4 of 7, impertinent information related to Plaintiff's ability to obtain employment is recited unnecessarily and incorrectly in the ad damnum clause.

6. While the Complaint arguably meets the notice requirement under Supreme Court Case Law under Rule 12(b)(6) as has been ruled by this Court, this is a circumstance where the Court ought to order the Plaintiff to file an appropriate Amended Complaint that sequentially numbers the paragraphs contained therein that complies with FRCP 8 and 10(b) numbering each paragraph limited as far as practicable to a single set of circumstances.

7. The Defendants in this case are an individual and a company. The Complaint is completely unclear as to which Defendant is alleged to have conducted any of the activities set forth in the Complaint and, more particularly, raised allegations as to each Defendant are required in order to allow each Defendant to reasonably interpret the Complaint and make an appropriate pleading response.

8. If there are more than one counts being brought, each of those counts ought to be stated in a separate count pursuant to FRCP 10(b).

9. Additionally, the Complaint contains potentially inconsistent recitation of facts in reference to the timing of the alleged employment violations and the specific employment violations set forth in the Complaint are not described with any appropriate detail to allow the Defendants to reasonably frame an admission or denial of the allegations. The allegations made in the Complaint are overly broad and fail to identify the relevant timing of the alleged occurrences.

10. The objective of this Motion is to attempt to strip the case down and identify each claim and any defense that the Defendants might have.

11. At this stage, it is impossible for the Defendants to even clearly and correctly itemize the paragraphs in the "Complaint" that was filed by the Plaintiff because it fails to comply with the rules of pleading and requirement to separately describe the occurrences complained of, cause of action and entitlement to relief in sequentially numbered paragraphs.

12. Alternatively, this Motion requests this Court to strike from any pleading any redundant, immaterial, impertinent or scandalous matter pursuant to FRCP 12(f), based on the inadequacy of the Complaint filed in this case it may be difficult for the Court to determine the extent of any redundancies given the vague and ambiguous nature of the particular statements contained therein. This is another reason that the Court should order the Plaintiff to file a more

definite statement or an Amended Complaint that complies with the pleading rules.

WHEREFORE, the Defendants respectfully request this Honorable Court to:

a.   Order the Plaintiff to file a more definite statement or Amend the Complaint as appropriate.

b.   Alternatively, to strike any redundant, impertinent or scandalous allegations from the Complaint.

c.   For such other and further relief as the nature of this cause may require.

/s/ *Brian D. Lyman*
Brian D. Lyman    bdl@hbdlaw.com
Federal Bar No. 27360
HILLMAN, BROWN & DARROW, P.A.
221 Duke of Gloucester Street
Annapolis, Maryland 21401-2500
410-263-3131/(fax) 410-269-7912
Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify on the 15th day of December, 2015 that a copy of the foregoing Motion was filed by the electronic case filing system (ECF) maintained by the United States District Court for the District of Maryland is available for viewing and downloading from the ECF System and mailed us mail first class postage prepaid to: Peter F. Scanlon 5519 Harford Street, Churchton, MD 20733.

/s/ *Brian D. Lyman*
Brian D. Lyman

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| PETER F. SCANLON | * |
|     Plaintiff | * |
| v. | * |
| AMY FOOD CHAINS, Inc. et al. | * |
|     Defendants | * |

CIVIL ACTION NO. 15-CV-2289 JFM

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### ORDER

Upon consideration of the Defendant's Motion for a More Definite Statement and any response thereto, it is by the United States District Court for the District of Maryland,

ORDERED, that Defendants' Motion for a More Definite Statement is hereby GRANTED and

ORDERED that Plaintiff has until _____ to Amend the Complaint or the case shall be dismissed without prejudice.

_____      _____

Date                                        Judge

cc:
Brian D. Lyman, Esquire
HILLMAN, BROWN & DARROW, P.A.
221 Duke of Gloucester Street
Annapolis, Maryland 21401-2500

Peter F. Scanlon
5519 Harford Street
Churchton, Maryland 20733