# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| PETER F. SCANLON | * |
|     Plaintiff | * |
| v. | * |
| AMY FOOD CHAINS et al. | * |
|     Defendantss | * |

CIVIL ACTION NO. JFM-15-2289

*****************************************************************************

## DEFENDANTS' ANSWER

Defendants, Dean Monkelien and Amy food Chain Inc. by and through their attorneys, Brian D. Lyman and HILLMAN, BROWN & DARROW, P.A., files this Answer, and in support thereof states as follows:

1. Defendants deny the allegations in Paragraph 1 of Plaintiff's Complaint.

2. Defendants deny the allegations in Paragraph 2A of Plaintiff's Complaint to the extent that Plaintiff alleges that he was dismissed. Defendants deny that Plaintiff was dismissed but admit that he was a long time employee of Amy Food Chain, Inc. until he resigned.

3. Defendants admit in part and deny in part the allegations in Paragraph 2B of Plaintiff's Complaint. Plaintiff was paid a weekly salary, but he was required to work 40 hours a week and complete the duties of his position.

4. Defendants deny the allegations in Paragraph 2B1 of Plaintiff's Complaint.

5. Defendants deny the allegations in Paragraph 2B2 of Plaintiff's Complaint.

6. Defendant are without sufficient information to either admit or deny the allegations contained in paragraphs 2C through 2E3 of Plaintiff's Complaint, inclusive.

7. Defendants deny the allegations in Paragraph 2E4 of Plaintiff's Complaint; the Plaintiff resigned his position after being told that he could take unpaid leave to attend to whatever personal, family or medial issues he was having.

8. Defendants are without sufficient information to either admit or deny the allegations contained in all paragraphs 2F of Plaintiff's Complaint inclusive.

9. Defendants deny the allegations in Paragraph 2G of Plaintiff's Complaint to the extent that Plaintiff alleges that Dennis Lowman was Plaintiff's immediate supervisor.

Defendants are without sufficient information to either admit or deny the allegations relating to what Mr. Lowman was aware of.

10. Defendants admit in part and deny in part the allegations in Paragraph 2H of Plaintiff's Complaint. Defendants admit the allegation that a meeting took place on August 8, 2013. Defendants deny the allegations in Paragraph 2H1–2 of Plaintiff's Complaint. Defendants admit the allegation in Paragraph 2H3 of Plaintiff's Complaint. Defendants deny the allegations in Paragraphs 2H4–5 of Plaintiff's Complaint, inclusive. Plaintiff was paid out all of his remaining vacation pay during the time following his resignation. Defendants informed the Plaintiff of his FMLA rights and posted such rights in plain view of the Plaintiff and all employees for the entire time that the grocery store has been open. Plaintiff was not fired, he was escorted from the premises after he began disturbing other workers in the store immediately following the meeting.

11. Defendants deny the allegations in Paragraph 3 of Plaintiff's Complaint.

WHEREFORE Defendants Dean Monkelien and Amy food Chains, Inc. having fully answered the Amended Complaint respectfully request that this Honorable Court to:

    A. Dismiss Plaintiff's Complaint with prejudice;

    B. or in the alternative, deny the relief requested by Plaintiff;

    C. and grant such other and further relief as this case may require.

---

Brian D. Lyman     bdl@hbdlaw.com
Federal Bar No. 27360
HILLMAN, BROWN & DARROW, P.A.
221 Duke of Gloucester Street
Annapolis, Maryland 21401-2500
410-263-3131/(fax) 410-269-7912
Attorney for Defendants

## CERTIFICATE OF SERVICE

I hereby certify on the 11th day of March, 2016 that a copy of the foregoing Answer and all attachments was filed by the electronic case filing system (ECF) maintained by the United States District Court for the District of Maryland is available for viewing and downloading from the ECF System and mailed us mail first class postage prepaid to: Peter F. Scanlon 5519 Harford Street, Churchton, MD 20733.

---

Brian D. Lyman