IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| PETER F. SCANLON | * | |
| | * | |
| | * | |
| v. | * | Civil No. – JFM-15-2289 |
| | * | |
| AMY FOOD CHAINS, INC., ET AL. | * | |

******

## MEMORANDUM

Plaintiff has instituted this *pro se* action under the FMLA.[1] Discovery has been completed, and defendant has moved for summary judgment. The motion will be granted.

The facts of the case are extremely unfortunate. Apparently, plaintiff was required to give personal care to his aged mother and was undergoing a divorce at the time of the events giving rise to the action. Plaintiff concedes that he never gave notice to defendant of any claim under the FMLA at least until his meeting with Dean Mokelien, the defendant's owner, on August 8, 2013. He alleges, however, that he notified Dennis Lowman – whom he alleges to have been his supervisor – of the pertinent information concerning his need to provide care for his mother. In a declaration he has submitted, Lowman states that he reduced his workload with defendant in January 2013 and reduced his days to three days a week, primarily overseeing new hiring for defendant. Matt Christopher became the manager of defendant. That said, the record reflects that plaintiff did advise Lowman of the circumstances concerning his need to provide care for his mother.

---

[1] Plaintiff also appears to assert in his response to defendant's motion for summary judgment claims under the Workers' Compensation Act and the Age Discrimination in Employment Act. However, the summary judgment record contains no facts that would support any such claims.

The August 8, 2013 meeting was prompted by a review of time clock records that reflected that plaintiff, who was required to work 40 hours over his six-day work schedule, had been absent for approximately 80 hours from May 5, 2013 through August 7, 2013. In his response plaintiff has submitted the affidavit of Deana J. Mobley, who apparently was employed by the Department of Defense, Office of Inspector General, Criminal Investigative Service, as its administrative officer, questioning the accuracy of the time clock records. However, that statement is entitled to no weight because it is not under oath and does establish Ms. Mobley's qualifications. What happened at the August 8th meeting is also in dispute but the dispute is not material to the present controversy. Plaintiff alleges that he was fired on that date, but defendant asserts that he was not fired until the next day when he failed to report for work.

The notice that defendant placed so that it could be observed by workers stated that "[w]hen an employee seeks leave for an FMLA-qualifying reason for the first time, the employee need not expressly assert FMLA rights or even mention the FMLA." However, the notice further stated that "[i]f an employee later requests additional leave for the same qualifying condition, the employee must specifically reference either the qualifying reason for leave or the need for FMLA leave." These provisions technically are not applicable because plaintiff admits that he consciously chose not to make a request for leave under the FMLA. However, the absence of any notice given by plaintiff is material because it demonstrates that plaintiff never provided facts to defendant that would enable defendant to determine whether plaintiff was entitled to FMLA leave.

As stated above, the facts giving rise to this dispute are unfortunate. However, because plaintiff never requested leave under the FMLA, defendant's motion for summary judgment must be granted. A separate order to that effect is being entered herewith.

Date: December 1, 2016

/s/
J. Frederick Motz
United States District Judge